FILED - USDC - FLMD - FTM
OCT 23 2026 PM3:57

In The United States District
Middle District Of Florida

**Fort Myers Division**

Arthur Edward Smith, Plaintiff

2:26-cv-2899- SPC-NPM

Vs.[1]

Lacey Hofmeyer in their official capacity as
Vice President, Public Policy & General Counsel[2]
For Florida Southwestern College;

Madison Robinson in their official capacity as
Admissions Supervisor for FSW;

& Angela Hawke in their official capacity as
Title IX Coord./Compliance Officer for FSW[3],
All Defendants

## I. ***Civil Complaint With Request For An Injunction***

***Comes Now,*** the plaintiff Arthur Edward Smith pro'se. And moves this Court of competent jurisdiction in the above style cause. Whereas, advancing such pursuant to Federal Rules Civil Procedure Rule 65(a).Moreover, plaintiff seeks ' *equitable relief* ' as accorded by Title IX of the Education Amendments of 1972 20 U.S.C. 1681 (a). As too, accorded by *The Florida Educational Act* thereof Florida Statues 1000.05 (9).

---

[1] It is no accident that the Plaintiff has elected to leave the Board of Trustees out as a formal defendant. Reason being, all acts complained of by the herein designated *defendant's* are in violation or contrary to rules already promulgated by the *Board*.

[2] It is inconceivable that a V.P & General Counsel for a public institution would not be *in the loop* of a complaint such as the plaintiff's....and they would just *sit back*...and let the matter unnecessarily to proceed to judicial litigation.

[3] Hereinafter Florida southwestern College will be interchangeably denoted as= FSW

II. -Requisite Officially Listed Contact Information Of The Parties-

Plaintiff: Arthur Edward Smith, 3500 6th ST SW Lehigh Acres, Florida 33976; Email Address: honorablesmith17@gmail.com;
Phone Number: (813) 580-7647

Defendants: Lacey Hofmeyer; Madison Robinson, & Angela Hawke. All listed contact information and official location, per FSW official website is the following: Florida Southwestern College at: 8099 College Parkway; Fort Myers, Florida. 33919.
Phone Number: (239); Email Address: fsw.edu./lee

III. - Though No Requirement For Exhaustion of Administrative Remedies. Irrespective, Plaintiff Posit Comity And The *Judicial Economy* Warranted Substantive Attempts At Two Separate Rounds Of ' Exhaustion Of Administrative Remedies.' Albeit, To Only Further Efforts In Futility

As a preliminary matter. Due to what Plaintiff reasonably perceived to have occurred on 08/24/2026, during the in-person visit with Madison Robinson *Admissions Supv*. Plaintiff would proffer the initial commencement of the prejudicial discriminatory intent of keeping Mr. Smith from meaningful enrollment/attendance at Florida Southwestern College. ***See Barnes v. Zaccari, 669 F.3d 1295, 1305(11th Cir. 2012)*****( finding a protected interest based on a " legitimate claim to entitlement to enrollment" under state law.)**[4]Moreover, as reaffirmed in *Dvoinik v. Busch et al Case No. 4:26-cv-00369*(June 26, 2025).

And was further fortified with same said, second act of mis/malfeasance. But this time with respect to the determinative ( but not dispositive) matter of *Residency*-the in-state establishment thereof. After giving the matter more than reasonable time to administratively self-remedy. It was on September 17, 2026...through FSW designated portal-email addressed as compliance@fsw.edu..Smith formally submitted his grievance, as containing the charge of discrimination, due to his black American race; male sex and even for his attained 51 years of age. **( See Exhibits: A attached hereto)**

---

[4]And the Florida Educational Equity Act under F.S. 1000.05 as a whole, being the privy state law in the plaintiff's case.

Irrespective of complaint was properly effected and successfully delivered to FSW purported Title IX Compliance Officer Angela Hawke; and being filed pursuant to FSW College Operating Procedure ( COP 05-0107). And incongruous to the prevailing norms associated with administrative grievances/complaints. By contrast, the presumptive *respondent*, nor any other integral personnel...responded in any manner, whatsoever.[5] Thus, due to such flagrant abnormality. On October 01, 2026. Plaintiff returned to FSW main campus, for the much needed in person follow up. Only this time, all offices integral to the merits of plaintiff's grievance and underlying matter of no action altogether...was strangely inaccessible.

It goes without saying. It is rightly due to the precedent occurrence or lack of occurrence, as to plaintiff proceeded to the Florida Commission on Human Relations ( FCHR). Seeking somewhat of a [a] *supervisory review*( if you will) of the complained of, from a substantive and at a minimum-procedural ' redress'. Again, to the grand disservice to the plaintiff; the public at large, and the *judicial economy*. The FCHR waywardly *punted*. In sum, abdicated its legislative authority...in lieu of keeping the drive *alive,* by essentially claiming [i]t lacked jurisdiction to reach the merits of the issue. **( See Exhibit: B-Notice To Right To Amend attached).** Rather than performing its duty pursuant to what the legislature intended when it created the FCHR, as a public policy agency... " permit administration of legislative policy by an agency with the expertise and flexibility to deal with complex and fluid conditions." *See Microtel v. Fla. Pub. Serv. Comm'n, 464 So. 2d 1189, 1191 ( Fla. 1985).*

See also attached **Exhibit: C,** source derived from U.S. Dept of Ed. Citing FCHR, reviewed a complaint predicated on discrimination involving a public school institution, as citing **Gaskin v. Seminole County Public Schools ( case no. 09-005281; Florida State University v. Sondel, 685 So. 2d 923 ( Fla. 1st DCA 1996)** and same source furthers..." K-20 Education System Oversight: Under legislative analysis of public education laws ( such as Chpt. 760 frameworks). Thus, the Florida Commission on Human Relations maintains the structural authority to handle and resolve dual-filed EEOC **[or stand-alone state civil rights violations within the public school districts and state university systems."**

[5] Also constituting a denial of procedural due process, to the level of a separate *cause of action* for monetary relief, as oppose to just equitable relief. *Supra Barnes Id at 29( 11th Cir.2012)*

Thus, it is inconceivable how the FCHR reached such contrary to law result, in this case.[6] Nevertheless, in light of it. Smith rightly and affirmatively renunciate his pursuits of *redress* with said office. And instead, proceed with the instant *right of action*. As especially promulgated by way of the legislature, as contained in the very Florida Statues and a Florida Act...( *The Florida Educational Equity Act F.S. 1000.05 (9)*. As holding...

**" A person aggrieved by a violation of this section or a violation of a rule adopted under this section [gas] a right of action for such equitable relief, as the court may determine."**

## IV. Jurisdiction/ Issue Of A Federal Question

-Plaintiff's Issue Is Within The Purview Of This Court's *Limited Jurisdiction*-

Effective on or about august 24, 2026. The plaintiff have good-faith positioned. That, he has been discriminatorily denied by the defendants identified herein, meaningful enrollment to Florida Southwestern College. As too, denied access to; restricted from other benefits therefrom to-wit: other essential FAFSA monetary aid. Largely due to in culmination, to his black American race, male sex and even his attained 51 years of age. **( See Exhibits: D-FSW's population demographic data in support inter alia).** Which as a matter of law, is substantively violative of Title IX of the Educational Amendments of 1972; U.S.C. Title 20 Chpt. 38 Sections 1681-1688; The Age Discrimination Act of 1975, Title 42 U.S.C. 6101-6107.

As also, violative of the State of Florida analog thereto-namely ***'The Florida Educational Equity Act'***...as codified in Florida Statues 1000.05. Wherefore, plaintiff humbly submits, this honorable and competent court, has lawful jurisdiction.

## V. Statement Of The Issue & Supporting Facts

(1) Due to Florida Southwestern College unlawful exercise/implementation of certain irregularities, inconsistencies; and arbitrary hindrances, as related to new applicant Arthur Edward Smith DOB 06/26/1975; student ID#

[6] Moreover, see Upjohn Health Care v. Dept of Health, 496 So. 2d Id at 149 as applicable here as stating...**Once again HRS has strayed from its legislatively assigned territory." (2); within the foregoing setting, It is beyond question that HRS, effectively abdicated its role-------"**

@00517492...otherwise proper and timely finalization of admission-to-enrollment-to-attendance. In other words...the ability to consummate his acceptance of FSW $ 8,448 offer of Fall 2026 enrollment ( third party offer from FAFSA provided student aid. **( See all Exhibits E's attached hereto)** Whereas by paying tuition out of it. And thus, selecting my classes/courses...in order to activate FAFSA aid. And in effect, proceeding as a student in substance, as in accordance with The Florida College System contemplation, as outlined in The Florida Educational Equity Act section 1000.05 Florida Statues. Rather than in worthless and ineffectual form. That, is in direct contravention of the FEEA subsection (2) (a). As explicitly stating...

**" No person in this state shall, on the basis of race, color, national origin, sex, disability, religion, or marital status, be excluded from participation in, <u>be denied the benefits of, or be subjected to discrimination under any public k-20 education program or activity...[conducted by public educational institution that receives or benefits from federal or state financial assistance"]</u>**

(2) In light of the aforeasaid. It would be applicant Smith's good-faith assertion. In his case, the complained of FSW's inextricably effected discrimination against him[7]...is arguably based on his black American race; male sex and even for his attained 51 years of age. Albeit ageism isn't a cognizable legal claim pursuant to Title IX. But, does that make it right? Consequently, the applicant would substantively assert his reply as an emphatic " no". Just as he on the other hand, equally asserts, as ...[i]s within the protective parameters of Title IX and the FEEA.

-Procedural History And Other Pertinent Facts In Support-

(3) On August 04, 2026. Applicant Smith received email notice from the United States Department of Education.[8] That its department successfully processed my 2026-27 FAFSA FORM". **( See Exhibits: F attached hereto)**

---

[7]" The plaintiff must show that he himself is injured by the challenged action of the defendant. And <u>the injury may be indirect." See United States v. SCRAP, 412 U.S.669, 688 ( 1973).</u>

[8] Hereinafter is referenced as U.S. Dept of Ed.

(4) On August 06, 2026. Applicant Smith received email notice from FSW Office of Admissions, of having received my application. **( See Exhibit: G attached hereto)**

(5) On August 07, 2026 applicant received email notice from FSW...of having reviewed my financial aid application for 2026-27 aid year. And based on that, it extended adequate monetary aid offers. Sequentially, for the **2026-27 Fall Term and 2027 Spring Term.** Whereas, both offers are independently equal to the **$ 8, 448 aid sum referenced earlier.( See Exhibit: H attached hereto)**

(6) On or about August 10, 2026 and response to the aforesaid offer. I made telephonic contact with the Office of Admissions...to ascertain " what's the next step to the admission process"? It was then, one of its personnel instructed the *hold up* was for my file...lacking my GED transcripts; and Residency Form.

(7) On August 11, 2026. Due to officially moving back from Tampa. And thus, in compliance with applicable *' change of address'* legal requirements. Applicant, online ordered a new driver's license, reflecting such.

(8) On August 13, 2026. Applicant Smith online ordered the requisite GED transcripts. While initially mis-believing FSW was in actual receipt of such. Nonetheless, it was on or about August 17, 2026. I made telephonic contact with Admissions and was notified...the contrary.

(9) On august 19, 2026. Parchment emailed noticed my GED transcripts..." has been processed and delivered." **( See all Exhibits: I attached hereto)**

(10) Since not getting any further emails or phone calls ( since the only one of 08/07/2026 FSW regarding any aspect of the process, muchless the transcripts. Thus, on August 24, 2026. Applicant neccesssarily appeared in-person at the main campus Admissions Dept.

**VI. Applicant's *Troubleshoot* Re-Review Of Operative Application For Admission Mandated Clarification/Accurate Corrections-**

(11) Meanwhile. During the interim between August 19-23 2026. It was then, applicant smith surmised [a] troubleshoot was necessary of each entry he executed thereof his application for Admission/Enrollment to Florida Southwestern college. As a result. Applicant did indeed ascertain material incorrections entered thereto, to certain questions asked in the application to/or something to the effect...

A) Will you need housing? Or are you interested in on-campus housing? Though quite baffled as to that question indicated " **yes".** Nevertheless, I corrected such to a constant and permanent **'no'.**[9]

B) Another material incorrection entered thereon the application for admission was...to/or something to the effect...Have you ever ben charged with hurting someone ( e.g. domestic violence; violent offense etc.? Initially, due to me perceiving the question as being *overly broad*, with respect to fairness. And the programming didn't suddenly allow final submission of th attendant Criminal disclosure Form. As too, containing mitigation support via official documents. I incorrectly answered **"no"** in the interest of expediency. When in fact the answer is **" yes".**

12) It was then, applicant resigned the matter, as explained. But, should he continue to not hear anything from FSW regarding-the requisite GED transcripts. I would effect a in-person visit to FSW main campus. And be in possession of the official court documents in criminal case# 19-MM-022808. Which instituted an arrest for Domestic Violence Touch or Strike. In any event. Final disposition of such was [a] nolle prosecution by the state attorneys office.

13) Furthermore. Plaintiff would also be in official court documents of criminal case 91-1578-CFA-TB, the commission of a felony when the plaintiff was 16 years old. But, due to the strongly inferred immunities/protections afforded by the U.S.

---

[9] The said dis-affirmative solely applies to on-campus. Plaintiff's will not reside on school campus, under no terms. However, due to his unstable/intermittent housing, or lack thereof. Plaintiff, do intend to utilize the seperate (un-inclusive of the aid sums of monies alluded to earlier)FAFSA aid appropriated.

Supreme Court dictum, as operatively integral...to its holding in *Roper v. simmons, 543 U.S. 551 (2005).* It would be my rightful expectation. That any assumptions attributable to Smith is legally mitigational . And thus, unqualified of further inquiry.

## VII. Factual Occurrences; Mis/Malfeasance(s) And Legal Substantiveness Germane To Applicant Issue/Complaint-

(14) As assured, with the preparedness alluded to earlier. After not hearing from FSW-regarding any issue. Muchless, anything regarding its receiving my GED transcripts. On August 24, 2026. Applicant did in fact. Effect an in-person visit to the Admissions Office of FSW. After promptly been checked in. 5-8 minutes later. Whom plaintiff retrospectively presumed to have been-the Admissions Supervisor Madison Robinson...entered into the lobby; acknowledged me and proceeded likewise..." **I just got your GED transcripts. You're [i]n...you're *'Admitted'*[10]. I just sent the congratulatory email."** Hardly, the private area interview and follow up, plaintiff was expecting. To further address the *admissions* matter; and the Criminal Disclosure Form matter.

(15) Applicant: **" Is that it" ?**
Miss Robinson replied **" Yes. Call this number** (239) 432-5207...she jotted on a *sticky note*, for further testing. **( See all Exhibits: J attached hereto).** Mind you, they never transparently showed me the transcripts. Or any material part thereof, as would've substantiated it's prejudicial claim-applicant need higher test scores before the allowance of *enrollment*. Moreover, such deviation from standard protocol. In effect... deprived plaintiff the opportunity to disclose I, the applicant passed [a] *College Entry Exam* while briefy enrolled at Southwest College.
(16) By contrast, Supervisor Robinson never *'stressed'*...go over to testing; financial aid; and advising. Particularly, in light of the Freshman/First-Time Student(s) then August 31, 2026 enrollment was looming. Which is in direct contravention and thus violative of subsection (e)...of the Florida Educational Equity Act to the following effect...<u>" Guidance and counseling services and financial assistance services in the state K-20 education system shall be available</u>

---

[10] Plaintiff would bet his *bottom dollar.* Even in the education field. Educators would agree...an Admissions Office usage of such, should and normally is, more than nomenclature. Just as it is, with the Florida Bar. As too, a likewise Legislature. ***See State v. Gooten, 830 So. 2d 817, 824 ( Fla. 2002)..."*** **A basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions of a statue."**

<u>to students equally." It goes on further to dictate the same referenced...[" **shall stress access] to academic and career opportunities."**</u> Hardly, an education administrator *sandbagging* against an applicant, meet the aforesaid statutory provision. Again. It would be the plaintiff's good-faith assertion. That the said was effected because, of his black American race; male sex and even his attained 51 years of age.

**VIII. Second Pretextual Instance Of Mis/Malfeasance Effected By Personnel Madison Robinson To In Effect; Ultimately Deny Applicant *Meaningful Admission*, As Contemplated By *'The Florida Educational Equity Act'*-**

(17) Subsequent to applicant's August 24, 2026 in-person interaction with FSW Admissions personnel Madison Robinson regarding the GED transcripts. Plaintiff proceeded to, the next meaningful criterion of the admissions process. Which, was the *Residency* requirement.

(18) For starts. The residency application is somewhat ternary. Whereas, the first part necessitate establishment of national citizenship or, a legally recognized functional equivalent. In any event. Applicant used his legally valid driver's license. Wherefore, such was computed and processed successfully. Accordingly, at the juncture of the second part of the residency questionnaire. It inquire, as to the date of birth. Which was a permissible...timeline, pursuant to the question. However, should the entry be the DOB, it required another form of proof. Interestingly enough. Eventhough, DOB was [a] permissible date of establishment. However, almost all United States and Florida governmentally issued or even recognizes documents was explicitly " not allowed" " per the questionnaire. Namely to an illogical result-a Birth Certificate ( behooved this form of proof was invalid) giving its inherent twin relationship...to the birth date.

(19) Moreover, e.g. Nor could the following forms of official documentation in which adduced from sources that cannot be reasonably be questioned...

Social Security Card;
Library Card;
Voter Registration;
Vehicle Registration;

Social Security Card;
Library Card;
Voter Registration ID;
Auto Insurance Card;
Vehicle Registration;
Current Mailing-to Residence Address;
Bank Statements;
Passport...but not limited to.

(20) However. Irrespective of all the impermissible listed, one's Florida Driver's License...was definitely not listed. Thus, in light of that materially determinative factor. As too, the plaintiff having already averred to being [o]f a homeless status, prior to the applicant's application for enrollment to FSW. In turn, applicant whereupon availed the third part of the *'Residency Form'*. By re-submitting his valid drivers license. Which had arrived days earlier from FDMVL.

(21) In any event. Just as the first did. The final part also computed and processed successfully. Due to such and thus, rightly assuming *all was good* with respect to the establishment of *Residency.* Whereas on August 27, 2026. Plaintiff thereupon embarked on the directive previously given by Madison Robinson, regarding further testing. Upon making contact via the provided phone number (239) 432-5207. Apparently, having been *call forwarded* to the Admissions Dept. And again it was..." **Hey Arthur, this Madison Robinson. I can't accept your *residency*. I just sent the email about this. Due to you using your I.D. twice."** ( See Exhibits: K attached hereto)

Plaintiff Response: **" That wasn't an enumerated impermissible. And actually, [i]t[1] notified such input was successfully processed."**

(22) Not addressing the direct rebuttal that was founded in propriety. Instead, Madison Robinson went on to say..." **If you can get me two leases-one for 2025-26; one for 2026-27...you should be good."** In turn. Plaintiff reminded her of his *homeless status* averments. Irrespective, defendant did not change position. Based on that. Plaintiff reasonably surmised, the said was...attempting to suborn perjury from me. Perhaps, contemporaneously realizing the *residency* matter isn't going to hold the pursued discriminatory position.

[11] The programming from [i]ts (FSW) own domain

(23) And to further hindrance, on the overall objective of keeping Mr. Smith out of FSW's enrollment and thus meaningful attendance. Thus, it is incredibly persuasive, that it did in turn. Programmed its argirithm of its web page programming.[11] To block, plaintiff, from transacting the final-financial side (accepting/declining loans, grants etc) of the admissions process.

(24) For instance. Plaintiff was able to hit ' accept' of the itemized cost for tuition etc. But when it came to signing the promissory pledge/declaration-no matter how many times I hit accept...the screen flashed away.

(25) After concerted experience dealing with [t]hat hindrance. Then, the so-called *Checklist*... would not allow the plaintiff to *unlock* the purported matters that is supposed to be followed up on. **( See Exhibit: L attached hereto).**

(26) Then, the co-integral *Authenticator* ( integral to the requisite sign-in to the student's personal FSW personal account).[12] Obstructively( as Intended by the discriminators) switches the instantly transmitted code ( > than 1.5 seconds allowance). Before, the then code *flashes away.*

( 27) After trying repeatedly over a 3 day period. Plaintiff became quite conclusive. That such technical obstruction and hindrance(s), was by design. To, categorically deny and deprive, Smith all the guarantees delineated in Florida Statues 1000.05 (2026). As being *per se* violative of subsection (b). As prohibitively stating..." The criteria for admission to a program or course **shall not** have the effect of restricting access by persons of a particular race, color, national origin, sex, disability, religion, or marital status."

IV. - Relief Sough As The Issue(nil the complaint)-

(28) Atlas. Plaintiff Smith takes the very credible position. That all of the foregoing with respect to his issue (sin injunctive phase of complaint). Constitute as demonstrable facts and circumstances in which makes a plausible showing that, plaintiff is entitled to declaratory and injunctive relief accorded by a court of

---

[12] Inability to input the proper 6 digit code generated from the Authenticator app. Will uniformly deny ACCESS...And thus, the student can't access the account-to do anything on the account. Inclusive of class matters or transacting financial matters.

(29) law, as contemplated by Id subsection (9). And in light of the inequitable doings by Florida Southwestern State College. Irrespective of, [i]ts pre-determined Sub Group B-October 13, 2026 final drop/add classes deadline ( essentially, meaningful enrollment).The attendant equities attributable to the plaintiff; the public; and *legislative intent.* Warrant any equitable relief Ordered by the Court, should be prompt and *nunc pro tunc. Whereas,* it is through no fault of the plaintiff or a coincidence. That, such intentionally committed tort, post-exist, the afore-referenced deadline...and FSW have remained to not, even respond to the grievance. Muchless, haven't self/entity initiative corrected the unlawful exercise/implementation of certain irregularities, inconsistencies; and arbitrary hindrances. In which made much for-the plaintiff's viable charge of unlawful intentional discrimination.

V. - As To Plaintiff's Sought Of *Injunctive Relief* Also-
**( Clear Legal Right )**

(30) In light of all the precedent. Plaintiff submits, he has made a demonstrable showing that there is a likelihood of success on the merits of his cause of action. And that the injury in fact is concrete, particularized, and actual or imminent and that the injury is indeed traceable to the defendant's acts or omissions. **( See Simon v. Eastern Ky. Welfare Rights Org 426 U.S. 26, 426 U.S. 41-42 (1976)** (See also U.S. Postal Service et al v. California, 609 U.S.(2026)

**-No Adequate Remedy Law-**

(31) And for some reason non-comporting with fairness; reasonableness and timeliness-essentially the mechanisms of justice. That, the sought is not *Granted.* There will be no adequate remedy at law.[13] In which would remedially address, the already fully expired foreclosing drop/add classes for the 2026-27 College Term.[14] Clearly, this is what the defendants collusively intended. In order for its overall discriminatory scheme, to have the intended force and effect. Against applicant Arthur Edward Smith.

---

[13] Within the orbit of the defendants. Or by already proven. Not even by the Florida Commission on Human Relations

[14] The October 13, 2026 fixed deadline is more or less... is nationally college applicable

*Conclusion*

Accordingly. Plaintiff substantively submits, his *statement of claim,* makes the requisite showing that he is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 ( 2009)(quoting Fed. R. Civ P 8(a)(2). Because, plaintiff's complaint " give the defendant fair notice of what the ...claim is and the grounds upon which it rests." See Bell v. ATL Corpv. Twombly, 550 U.S. 544, 555 (2007). And furthermore, the generously provided competent and substantial supplied as exhibits ( attached thereto the complaint)...is the sort of further factual enhancement)"[8] [15] in which legally precludes dismissal.

**Sworn Oath**

I hereby the complainant Arthur Edward Smith pro'se (DOB 06/26/1975). And as pursuant to Florida Statues 92.525. Hereby certify under penalty of perjury. That all the foregoing is true and correct. Wherefore, done and signed and in-person filed on this 22nd day of October 2026.

[signature]

Signature of Plaintiff

15 [8] See Iqbal 556 U.S. at 678

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Arthur Edward Smith

**DEFENDANTS** Lacey Hofmeyer, Madison Robinson, Angela Hawke

**(b)** County of Residence of First Listed Plaintiff Lee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Lee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(Pro' se) 3500 6th St. S.W
Lehigh Acres, FL. 33976

Attorneys *(If Known)* U/K

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☑ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Plaintiff asset as a Florida College applicant. He has been discriminated against in violation of title IV. and F.S. 1000.05 F.S.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Equitable Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE N/A DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD Pro'se litigant

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE